UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| AFRORE SADIK BECIRAJ[1], <br> SADIK BEQIRAJ[2] <br><br> *Plaintiffs*, <br><br> v. <br><br> PAM BONDI, Attorney General of the United States, in her official capacity as well as her successors and assigns; KRISTI NOEM, Secretary of the Department of Homeland Security (DHS), in her official capacity as well as her successors and assigns; JOSEPH EDLOW, Director of U.S. Citizenship and Immigration Services (USCIS), in his official capacity as well as his successors and assigns; LOREN K. MILLER, Director, USCIS Nebraska Service Center, in his official capacity as well as his successors and assigns, <br><br> *Defendants*. | Case No. _____ <br><br> **COMPLAINT FOR WRIT OF MANDAMUS UNDER 28 U.S.C.§ 1361.** |

**COMPLAINT**

COME NOW Plaintiffs in the above-captioned case, by and through undersigned counsel, and file this civil action to compel agency action unreasonably delayed and state the following in support of this Complaint:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Immigration and Nationality Act of 1952, 8 U.S.C. § 1101 et seq. ("INA"), as amended by the

---

[1] Plaintiff Afrore Sadik Beciraj legally changed her name to Afrore Sadik Anda after marriage.
[2] Plaintiff Sadik Beqiraj is also known as Sadik Beciraj.

    Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 1570.

2. This Court has jurisdiction over this petition for a Writ of Mandamus under 28 U.S.C. § 1331, 28 U.S.C. § 2201, the Administrative Procedures Act (APA), 5 U.S.C. §§ 555(b), 701 et. Seq., 701(a)(2), 706(1), and the Mandamus Act, 28 U.S.C.§ 1361.

3. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

4. Venue is proper in the District of North Dakota pursuant to 28 U.S.C. §§ 1391(b)(2)and (e). The Plaintiffs seek adjudication of the Form I-601, Application for Waiver of Grounds of Inadmissibility pursuant to INA § 212(h)(1)(A) and (B) and Form I-212, Application for Permission to Reapply for Admission After Deportation or Removal, pursuant to INA § 212(a)(9)(A)(ii)(I). Plaintiff Afrore Sadik Beciraj ("Plaintiff Afrore") resides at 1504 68th Ave South, Fargo, ND 58104. Plaintiff Sadik Beqiraj ("Plaintiff Sadik") resides at Steiger Str. 1, 06217 Merseburg, Germany. The waiver applications are being adjudicated by the U.S. Citizenship and Immigration Services ("USCIS") Nebraska Service Center ("NSC") in Lincoln, Nebraska.

**PARTIES**

5. Plaintiff Afrore is a 31-years-old, naturalized United States citizen (USC) and the petitioner of the Form I-130, Petition for Alien Relative, filed on behalf of her father, Plaintiff Sadik, and approved on August 15, 2016.

6. Plaintiff Sadik is a fifty-nine-year-old beneficiary of the approved I-130 Petition for Alien Relative, filed by his USC daughter, Plaintiff Afrore Sadik Beciraj, and is an applicant for the Form I-601 and Form I-212 waivers.

7. Plaintiff Sadik's spouse of over 29 years is a USC. In addition to Plaintiff Afrore, they have 4 children; three are USCs.

8. Defendant, Pam Bondi, is the Attorney General of the United States, whose office address is US Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530.

9. Defendant, Kristi Noem, is the Secretary of the Department of Homeland Security ("DHS"), whose office address is 245 Murray Lane, Washington, DC 20528.

10. Defendant, Joseph Edlow, is the Director of the USCIS, whose office address is 5900 Capital Gateway Drive, Camp Springs, MD 20588-0009.

11. Defendant, Loren K. Miller, is the Director for USCIS NSC, whose office address is USCIS NSC, 850 S. Street, Lincoln, NE 68508.

12. Each Defendant is sued in his or her official capacity. Defendants, Pam Bondi, Kristi Noem, Joseph Edlow, and Loren K. Miller are responsible for the adjudication of Plaintiff Sadik's waiver applications pursuant to INA § 212(h)(1)(A) and (B) and INA § 212(a)(9)(A)(ii)(I).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13. No exhaustion of remedy requirement applies to the Plaintiffs' complaint. Nonetheless, after the AAO withdrew the NSC's decision denying Plaintiff Sadik's waivers and remanded the case to the NSC for a new decision on March 31, 2022, Plaintiffs, through counsel, have repeatedly inquired as to the status of the waiver applications.

14. On or about January 4, 2023, Plaintiffs, through counsel, placed an electronic inquiry through the USCIS website for a case status update. Exhibit 17, Exhibit 18.

15. Having received no response from the USCIS, on or about March 29, 2023, Plaintiffs placed another inquiry through the USCIS website requesting an update on the case. Exhibit 19, Exhibit 20.

16. On or about July 6, 2023, Plaintiffs placed a complaint with the USCIS Ombudsman regarding the lack of USCIS's action on Plaintiff's Sadik's I-601and I-212 waivers. Exhibit 21.

17. On September 14, 2023, the USCIS Ombudsman responded stating that the USCIS "responded to us and said it is still actively reviewing your I-212-Application for Permission to Reapply for Admission into the United States after Deportation or Removal and completing the necessary checks required for all its forms. USCIS also said it cannot give us a specific timeframe for when it will resolve your case. Therefore, we have closed your request." Exhibit 22.

18. No specific information was provided regarding the status of the I-601 waiver application. *Id*.

19. On February 25, 2024, when still no action on the cases had been taken, another formal inquiry was filed with USCIS for both waivers. Exhibit 23.

20. On March 29, 2024, the USCIS responded to the I-601 waiver inquiry stating that "U.S. Citizenship and Immigration Services (USCIS) records show that your case is currently pending adjudication. However, additional reviews had to be completed on your case and this has caused a longer processing time." Exhibit 24. The USCIS further stated "We hope this information is helpful and appreciate your continued patience." *Id*. On April 1, 2024, the USCIS responded to the I-212 waiver inquiry request with a similar response. Exhibit 25.

21. On May 26, 2024, Plaintiffs filed their last inquiry with the USCIS and to date have not received a response. Exhibit 26; Exhibit 27.

22. On October 8, 2025, Plaintiffs, through counsel, communicated with the U.S. Attorney Office for the District of North Dakota regarding this complaint seeking potential resolution.

23. On October 23, 2025, the USCIS mailed Plaintiffs "Reopen Notice" for the Form I-601. Exhibit 29.

24. Plaintiffs have not received any notices of any action taken on the Form I-212.

## FACTUAL ALLEGATIONS

25. On March 25, 1997, Plaintiff Sadik, his spouse, and the 4 children they had at the

time entered the United States as refugees from Bosnia and Herzegovina.

26. In 1998, Plaintiff applied to adjust status to that of a legal permanent resident ("LPR") and his application was granted on May 16, 2000.

27. On January 24, 2003, after a jury trial, Plaintiff Sadik was found guilty of Conspiracy to Commit Arson in violation of N.D.C.C. § 12.1-21-01, Felony B, in Fargo ND. *See State v. Beciraj*, 670 N.W.2d 855 (2003). The conviction stemmed from a fire set to their family's mobile home. *Id*. After being convicted, Plaintiff served 60 days in jail in North Dakota and then completed his probation, during which he did not reoffend. He has been law abiding ever since this conviction.

28. Plaintiff appealed the conviction all the way to the North Dakota Supreme Court but the conviction was affirmed. *See Beciraj*, 670 N.W.2d 855.

29. On March 9, 2006, Plaintiff Sadik was served a Notice to Appear before an Immigration Judge and was charged with violating section 237(a)(2)(A)(iii) of the INA, making him deportable as an LPR convicted of an aggravated felony.

30. On May 25, 2006, after his application for Withholding of Removal was denied, Plaintiff Sadik was ordered removed to Bosnia and Herzegovina but was ultimately removed to Serbia on January 2, 2008. Due to persecution suffered in Serbia, Plaintiff Sadik eventually relocated to Germany where he has lived as a refugee since late 2021.

31. On May 17, 2013, Plaintiff Sadik's oldest daughter, Plaintiff Afrore, became a naturalized USC. On August 31, 2015, Plaintiff Afrore turned 21 years old and

became eligible to petition for her father.

32. On December 10, 2015, Plaintiff Afrore, filed the Form I-130, Petition for Alien Relative, with USCIS with Plaintiff Sadik as a beneficiary. The I-130 petition was approved on August 15, 2016. Exhibit 1.

33. On April 4, 2018, Plaintiff Sadik attended a visa interview at the United States consulate in Frankfurt, Germany where he was told he was inadmissible under INA § 212(a)(2)(A)(i)(I) due to his conviction for a crime involving moral turpitude ("CIMT") but was eligible to apply for an I-601 waiver. Exhibit 2.

34. On September 14, 2018, Plaintiff Sadik submitted the Form I-601 seeking a waiver of his ground of inadmissibility under INA § 212(a)(2)(A)(i)(I) pursuant to INA § 212(h). Exhibit 3.

35. Because Plaintiff Sadik anticipated that he may also be inadmissible under INA § 212(a)(9)(A)(ii)(II) due to his removal following a determination that the 2003 conviction for Conspiracy to Commit Arson was an aggravated felony, he also submitted the Form I-212 seeking consent to reapply. Exhibit 4.

36. On March 4, 2020, both Form I-601 and Form I-212 were denied by USCIS. Exhibit 5; Exhibit 6. Without much explanation or reasoning, the decision denying the Form I-601 state that his conviction for conspiracy to commit arson was an aggravated felony and was also a conviction for a 'violent or dangerous' crime. Exhibit 5. USCIS therefore denied his application "both as a matter of statutory eligibility and as a matter of discretion." *Id*. The Form I-212 was denied on the

basis that his Form I-601 had been denied and therefore he would remain inadmissible even if the Form I-212 was granted. Exhibit 6.

37. On April 3, 2020, Plaintiff Sadik appealed the denials to the Administrative Appeals Office (AAO). Exhibit 7; Exhibit 8.

38. On June 11, 2020, the appeals were transferred to the AAO in Washington, D.C. Exhibit 9; Exhibit 10.

39. On March 31, 2022, the AAO withdrew the denials and remanded both the I-601 and I-212 waiver applications back to the USCIS NSC to issue a new decision consistent with the AAO's decision. Exhibit 11; Exhibit 12.

40. The waiver applications were not actually transferred back to the NSC until almost a year later, on January 17, 2023. Exhibit 13; Exhibit 14.

41. While the appeals were pending with the AAO, Plaintiff Sadik applied for a gubernatorial pardon of his 2003 conviction for Conspiracy to Commit Arson.

42. On March 28, 2022, the State of North Dakota, Office of the Governor granted Plaintiff's application for pardon. Exhibit 15.

43. On or about April 20, 2022, Plaintiff Sadik filed a copy of the pardon to the NSC and argued that he no longer requires the I-601 and I-212 waivers because the pardon has vitiated his prior conviction for Conspiracy to Commit Arson. In the alternative, Plaintiff argued that the I-601 and I-212 waivers should be granted as a matter of discretion.

44. Other than notifying Plaintiffs that the I-601 waiver case was reopened in October

2025, Defendants have not taken any other action on Plaintiffs' case since the case was transferred to the AAO almost 3 years ago, on January 17, 2023. Exhibit 13; Exhibit 14.

45. Plaintiff Sadik and Plaintiff Afrore, have been separated for over 17 years and as a result Plaintiff Afrore has been suffering extreme hardship for almost two decades. Plaintiff Afrore has been attempting to reunite with her father for over the past 7 years.

46. According to the processing times published by the USCIS, 80% of the I-601 waiver applications are being adjudicated within 35 months or approximately 2 years and 11 months and 80% of the I-212 waiver applications are adjudicated within 35.5 months or approximately 2 years, 11 months, and about 15 days. Exhibit 16; Exhibit 17.

47. Plaintiffs have been waiting for over 3.5 years for the USCIS to adjudicate Plaintiff Sadik's waivers since the AAO remanded the cases for the USCIS to issue a new decision and over 7 years since Plaintiff Sadik initially filed the waiver applications with the USCIS.

48. Plaintiffs' numerous inquiries have not resulted in the processing of the applications.

49. Plaintiff Sadik's applications are unreasonably delayed.

50. Plaintiffs are not asking the Court to order the USCIS to approve the pending applications for waivers; instead, Plaintiffs are merely asking this Court to order

USCIS to adjudicate the pending waiver applications.

## CLAIMS FOR RELIEF

### Count I
### Unreasonable Delay in Agency Action
### 5 U.S.C. § 555(b)

51. All previous paragraphs are incorporated as though fully set forth herein.

52. The Defendants have a statutory obligation to process the waiver applications for Plaintiff Sadik "within a reasonable time." 5 U.S.C. § 555(b).

53. The Defendants' delay in excess of 3.5 years since the AAO remanded the waiver applications to the NSC and over 7 years in total since the USCIS initially received the waiver applications is unreasonable and therefore violates 5 U.S.C. § 555(b).

### Count II
### Mandamus
### 28 U.S.C. § 1361

54. All previous paragraphs are incorporated as though fully set forth herein.

55. The Mandamus Act, 28 U.S.C. § 1361, grants authority to courts to compel defendants to perform a duty owed to Plaintiffs.

56. The Defendants have a regulatory, ministerial, and non-discretionary duty to adjudicate properly filed I-601 and I-212 waiver applications.

57. Defendants have unreasonably and unlawfully withheld action on Plaintiff Sadik's waiver applications for over 3.5 years since the AAO remanded the waiver

applications to the NSC and over 7 years in total since the USCIS initially received the waiver applications in violation of their clear statutory and regulatory duties.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that the Court:

1. Assume jurisdiction over the matter;

2. Issue a Writ of Mandamus compelling Defendants to act on Plaintiff Sadik's applications for waivers, or find that the adjudication of Plaintiff Sadik's applications for waivers has been inordinately delayed;

3. Award Plaintiffs reasonable costs and attorney's fees; and

4. Award such further relief as the Court deems just and proper.

Respectfully submitted this 9th day of December, 2025.

/s/ *Magdalena Metelska, Esq.*
**Magdalena B. Metelska, Esq.**
**METELSKA LAW, P.L.L.C.**
P.O. Box 156
Hopkins, MN 55343
Phone (612) 424-8060
magdalena@metelskalaw.com

*Attorney for Plaintiffs*